## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 4:25-cv-01187 JAR |
| LOCAL CLEANERS, LLC., ) ) ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion for default judgment against Defendant Local Cleaners, LLC. Plaintiffs filed this action on August 6, 2025, to recover delinquent contributions, supplemental union dues, and liquidated damages owed to Plaintiffs pursuant to the Labor Management Relations Act, 29 U.S.C. § 185, and the Employee Retirement Security Act (ERISA), 29 U.S.C. § 1132. Plaintiffs also seek to recover attorney fees, accounting fees, and costs incurred in this action. The Clerk of the Court entered default against Defendant on October 8, 2025. (Doc. 11). Plaintiffs subsequently filed the instant motion for default judgment seeking a total of $134,063.07.

Once the Clerk enters default, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). Those allegations are taken as true, except as to the amount of damages. *Iron Workers St. Louis Dist. Council Pension Tr. Fund v. Elite Rebar, LLC*, No. 4:21-CV-00721-AGF, 2022 WL 17261879, at *2 (E.D. Mo. Nov. 28, 2022). The Court may rely on affidavits and documentary evidence to determine the appropriate sum for the default judgment. *Id*.

In support of their motion, Plaintiffs submit the affidavits of Jamie Gieseking and John Massa, along with accompanying exhibits. Gieseking serves as Accounting Supervisor for the Plaintiff funds. She described the key provisions of their agreement with Defendant and summarized the status of Defendant's contribution reports for January through September 2025. Massa is an auditor employed by the funds. He summarized his payroll examination for the period of April 1 through December 31, 2024.

Plaintiffs have established that, at relevant times, Defendant was party to a collective bargaining agreement (CBA) between Laborers Local Unions 42 and 110 and the Site Improvement Association.  (Doc. 14, Ex. 1-3). The CBA requires Defendant to submit contributions to Plaintiffs benefit funds and supplemental union dues to plaintiffs Local Unions 42 and 110. (Doc. 14-3 at 8-10, 19-21). The CBA provides for liquidated damages of 20% and interest on all payments of contributions and supplemental dues not made timely.  (*Id*. at 20).

The CBA authorized Plaintiffs to examine the financial records of defendant to ascertain whether the required contributions were made.  (*Id*. at 20-21). A payroll examination of Defendant's financial records covering the period of April 1 through December 31, 2024, revealed that Defendant owed $53,889.49 in fringe benefit contributions and supplemental union dues, with liquidated damages and interest through May 31, 2025. (Doc. 14-4; Doc. 15). In addition, Defendant filed monthly contribution reports for January, February, and May 2025, without payment, and owes a total of $76,612.27 on those reports.  (Doc. 18). Gieseking averred that Defendant has failed to file its required reports for the months of March and June through September 2025. (Doc. 14-1 at 3).

According to the affidavits and supporting evidence, the breakdown of amounts currently owed is as follows:

|  | CONTRIBUTIONS | LIQUIDATED DAMAGES | INTEREST |
|---|---|---|---|
| **AUDIT** | $ 41,836.86 | $ 8,367.40 | $ 1,382.00 |
| **REPORTING** | $ 58,564.44 | $ 12,778.62 | $ 533.91 |
| **Totals:** | **$100,401.30** | **$21,146.02** | **$1,915.91** |

|  | SUPPLEMENTAL DUES | LIQUIDATED DAMAGES | INTEREST |
|---|---|---|---|
| **AUDIT** | $ 1,867.60 | $ 373.53 | $ 62.10 |
| **REPORTING** | $ 3,859.48 | $ 839.60 | $36.22 |
| **Totals:** | **$5,727.08** | **$1,213.13** | **$98.32** |

The cost to perform the audit was $ 671.31. (Doc. 14-4).

Both the CBA and ERISA, 29 U.S.C. § 1132(g)(2), require Defendant to pay Plaintiffs' attorney fees and costs. (Doc. 14-3 at 21). Plaintiffs incurred $2,390 in attorney fees and $500 in court costs. Based on counsel's affidavit (Doc. 14-5) and Plaintiffs' filings on the record, the Court finds that the services provided by Plaintiffs' attorneys were reasonable and necessary to the litigation of this case, that the rates charged were reasonable, and that the amount sought for attorney fees is reasonable.

Upon review of the record, the Court finds sufficient evidence to support Plaintiffs' motion for default judgment. The total amount owed by Defendant to Plaintiffs for the periods above is $134,063.07.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for default judgment is **GRANTED**. (Doc. 13). Plaintiffs are awarded delinquent contributions, liquidated damages, interest, and attorney fees and costs against Defendant in the amount of **$134,063.07**.

December 9, 2026.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE